Flint Wagon Works, Plaintiff in Error, v. Albert T. Dalton, Defendant in Error.

### Gen. No. 15,648.

APPEALS AND ERRORS—*effect of failure to present all the evidence.* If upon review all the evidence which was before the trial court is not presented the judgment will not be disturbed upon a question of the weight of the evidence. The presumption will prevail that the omitted evidence sustained the judgment rendered.

Error to the Municipal Court of Chicago; the Hon. JOHN R. NEWCOMER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed. Opinion filed June 29, 1911.

MAURICE W. SEITZ, WILLIAM E. BRYAN and CHARLES H. WILBER, for plaintiff in error.

GALLAGHER & MESSNER, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

The plaintiff in error, hereinafter called plaintiff, brought suit against the defendant in error, hereinafter called defendant, for the purchase price of six buggies, less fifty dollars paid thereon. The issues were submitted to a jury, who found for the defendant and judgment was entered on the verdict.

The only defense presented was that the plaintiff was a foreign corporation doing business in this state without qualifying under "An Act to regulate the admission of foreign corporations for profit to do business in the State of Illinois," in force July 1, 1905. It was admitted on the trial that the plaintiff was a Michigan corporation and that it had not qualified to do business in this State under the said Act. The controversy, therefore, was over the question whether or not the plaintiff was doing business in this state within the meaning of the Act. The evidence on this issue tended to show that the plaintiff did business in this state through its

agents, Brownell Bros., at Peoria, Ill.; and we are not in-clined to hold that the verdict on this question, the only one in issue, was clearly and manifestly against the weight of the evidence. However that may be, we are precluded from any action other than affirming the case. On the issue in ques-tion certain stationery was produced at the trial, which was shown was furnished Brownell Bros. by the plaintiff; and tes-timony introduced pertaining to the wording and the use of the same in the conduct of said business. The stationery is not shown as an exhibit nor was it read into the record, and so we have not the evidence before us.

The judgment is affirmed.

*Affirmed.*